MEMORANDUM **
In these consolidated appeals, Toma Le-lea appeals from the concurrent 41-month sentences imposed following his guilty-plea conviction for Social Security fraud, in violation of 42 U.S.C. § 1383(a)(3), and felony theft of public money, in violation of 18 U.S.C. § 641, and his separate guilty-plea conviction for wire fraud, in violation of 18 U.S.C. § 1341, and mail fraud, in violation of 18 U.S.C. § 1343. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Lelea contends that the district court erred by increasing his sentence under U.S.S.G. § 2Bl.l(b)(8)(A) because it did not make a specific factual finding that his offense involved a misrepresentation that he was acting on behalf of a government agency. The record reflects that the district court adopted the findings set forth in the presentence report, and we conclude that the enhancement was properly applied. See U.S.S.G. § 2Bl.l(b)(8)(A).
Lelea next contends that the district court erred by applying a vulnerable victim enhancement pursuant to U.S.S.G. § 3Al.l(b)(l). We conclude that the district court did not clearly err in applying the vulnerable victim enhancement. See United States v. Mendoza, 262 F.3d 957, 960-62 (9th Cir.2001).
*173 Lelea also contends that the district court erred by increasing his sentence for abusing a position of public or private trust or use of a special skill during the offense because there was no evidence that he was in a position of trust or that he had any special skills to aid in his commission of the offense. This contention is belied by the record. See United States v. Barnes, 125 F.3d 1287, 1292 (9th Cir.1997).
Lelea argues in his reply brief that, because the conduct that formed the basis for the vulnerable victim enhancement was the same conduct that formed the basis for the abuse of trust enhancement, the district court erred by applying both enhancements in light of U.S.S.G. § 2B1.1 cmt. n. 7(E)(i). Because Lelea raised this issue for the first time in his reply brief, and the government has not briefed it, we decline to consider this contention. See Eberle v. Anaheim, 901 F.2d 814, 818 (9th Cir.1990).
Finally, Lelea contends that the sentence is substantively unreasonable in light of his health conditions. We conclude that, under the totality of the circumstances, Lelea’s within-Guidelines range sentence is substantively reasonable. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008) (en banc).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.